Battle, J.
 

 "We concur in the opinion of his Honor that the testimony offered by the plaintiff, tending to show that he was the solo purchaser of the jackass in question, as well as that introduced by the defendant to rebut it, were for the jury only, and it would have been error if the Court had undertaken to decide it. The testimony which the defendant had offered, in the first place, for the purpose of showing the interest of Cyrus Scott, and thereby to exclude his deposition, was properly addressed to the Court, because its sole object was to show the incompetency of the witness, which of course could only be determined by the Court. The Court thought that there was sufficient
 
 prima facie
 
 evidence that Cyrus Scott was
 
 *408
 
 a joint purchaser of the jack, and therefore properly excluded his deposition. But the fact, whether the plaintiff was the sole, or only a joint purchaser of the animal, was a material fee in the cause, having nothing to do with the competency of the witnesses, other than Cyrus Scott, and was properly submitted to, and passed upon by, the jury. The charge of his Honor upon it was right, and the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.